UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

S.L.,

                          Plaintiff,

                -against-

CITY OF NEW YORK, et al,

                          Defendants.

**ORDER**

25-CV-09440 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff filed, along with the complaint (Doc. 1), a "Motion to Proceed Under Initials and for Protective Order." (Docs. 5, 11). For the reasons stated herein, Plaintiff's motion to proceed pseudonymously is denied but the Court permits Plaintiff to keep her address confidential.

Federal Rule of Civil Procedure 10(a) provides that "[e]very pleading must have a caption with . . . a title" and [t]he title of the complaint must name all the parties . . . ." Federal courts have fashioned a limited exception to this rule, allowing a plaintiff "to maintain an action under a pseudonym" where "the plaintiff's interest in anonymity" outweighs "both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189 (2d Cir. 2008). The Second Circuit has adopted a non-exhaustive list of factors district courts should consider when determining whether a Plaintiff should be permitted to proceed pseudonymously:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties;

> (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189-90 (citation modified). "[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020). A district court, in assessing a request to proceed anonymously, "is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Sealed Plaintiff*, 537 F.3d at 191 n.4.

Plaintiff argues that she should be granted leave to proceed pseudonymously because she "is a survivor of domestic violence who has relocated for safety reasons and is protected by the New York State [Address Confidentiality Program], which . . . restricts disclosure of her residential location." (Doc. 11 at 2).[1] Plaintiff cites, as the reason she needs to proceed anonymously, that "Defendants include former and current NYPD officers" and that she "alleges these individuals used their law enforcement authority to harass, surveil, and unlawfully detain her, and to aid her abusive former spouse in violating court orders." (*Id.*). While the Court is sympathetic to Plaintiff's circumstances, Plaintiff has failed to rebut the presumption against anonymity.

---

[1] Plaintiff cites two exhibits, Exhibits "A" and "C," in support of her motion but failed to submit copies of those exhibits. (*See* Docs. 5, 11).

Plaintiff has satisfied the first *Sealed Plaintiff* factor. *Accord, e.g.*, *Doe v. Townes*, No. 19-CV-08034, 2020 WL 2395159, at *3 (S.D.N.Y. May 12, 2020) ("Because of the allegations of physical, emotional, and sexual abuse, these allegations are highly sensitive and of a personal nature to the Plaintiff."). The first factor, however, is not dispositive. *See id.*

The second and third *Sealed Plaintiff* factors weigh against allowing Plaintiff to proceed pseudonymously. Plaintiff alleges that disclosing her name "would endanger her physical safety, undermine existing state protective measures, and expose her to renewed harassment by Defendants and their associates in law enforcement." (Doc. 11 at 3). However, Defendants Bruzzese and Herasme undoubtedly already know Plaintiff's name, and the John Doe defendants likely know Plaintiff's name as well. (*See* Doc. 1). "[A] defendant's prior knowledge of the plaintiff's identity weighs against" the second and third *Sealed Plaintiff* factors. *Townes*, 2020 WL 2395159, at *4; *see also Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996) ("Plaintiff has not, however, provided any details, nor has she explained how or why the use of her real name in court papers would lead to harm, since those who presumably would have any animosity toward her already know her true identity.").

The fourth factor also weighs against allowing Plaintiff to proceed pseudonymously. Plaintiff has not demonstrated that she is "a member of a population that is particularly vulnerable to the possible harms of disclosure, such as young children." *A.B. v. Hofstra Univ.*, No. 17-CV-05562, 2018 WL 1935986, at *3 (E.D.N.Y. Apr. 24, 2018); *see also Doe v. Skyline Autos, Inc.*, 375 F. Supp. 3d 401, 406 (S.D.N.Y. Mar. 21, 2019) ("Plaintiff provides no evidence that her age makes her particularly vulnerable to the possible harms of disclosure."); *Doe v. United States DOJ DEA*, No. 23-CV-09407, 2023 WL 7165523, at *3 (S.D.N.Y. Oct. 31, 2023) ("Plaintiff does not appear to be of a particularly vulnerable age . . . .").

Under the fifth *Sealed Plaintiff* factor, that many of the defendants are private parties also weighs against allowing Plaintiff to proceed anonymously. *See Doe v. Paychex, Inc.*, No. 17-CV-02031, 2020 WL 219377, at \*11 ("[T]he defendant in this suit is a private party, weighing in favor of denying a request to proceed anonymously."); *United States DOJ DEA*, 2023 WL 7165523, at \*3 ("[T]he Court does not find anonymity justified simply because a government entity is named as a defendant pursuant to the fifth *Sealed Plaintiff* factor." (citation modified)). This factor further weighs against Plaintiff because the individual defendants "have a substantial interest in maintaining their good name and reputation, particularly in light of the allegations" in Plaintiff's complaint. *Skyline Autos, Inc.*, 375 F. Supp. 3d at 406.

The sixth *Sealed Plaintiff* factor is "effectively neutral, as there does not appear to be any direct prejudice to Defendant[s] from allowing Plaintiff to proceed pseudonymously at any stage of the litigation." *Hofstra Univ.*, 2018 WL 1935986, at \*3.

Under the seventh factor, Plaintiff's identity has thus far been kept confidential in this case, weighing in favor of anonymity. *See Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Penn. 1997) ("[Plaintiff] took steps from the beginning of this case to maintain anonymity.").

Under the eight and ninth factors, "the public's interest in identifying the parties to a proceeding is significant, and no unique circumstances of this case make that interest atypically weak." *United States DOJ DEA*, 2023 WL 7165523, at \*3 (citation modified).

The tenth *Sealed Plaintiff* factor also weighs against anonymity, as there are "alternative mechanisms for protecting the confidentiality of the plaintiff." *Sealed Plaintiff*, 537 F.3d at 190. Namely, allowing Plaintiff to keep her address confidential is an alternative mechanism for protecting her confidentiality.

Thus, a majority of the *Sealed Plaintiff* factors weigh against anonymity. Plaintiff has therefore failed to rebut the presumption against anonymity and her motion (Docs. 5, 11) is denied to the extent she requests to keep her name confidential.

Nothing, however, prevents Plaintiff from keeping her address confidential. *See Ganzaroli-Delgado v. Cnty. of Westchester*, No. 25-CV-09498, 2025 U.S. Dist. LEXIS 253297, at *2 & n.2 (S.D.N.Y. Dec. 2, 2025) (noting the New York State Address Confidentiality Program and allowing the plaintiff to "provide a substitute address of record for service"). Accordingly, Plaintiff's request "that all filings use the substitute address provided by the New York State Address Confidentiality Program" (Doc. 11 at 4) is granted.[2]

### CONCLUSION

Plaintiff's request to proceed in this action using her initials and to seal her full name from the public docket is DENIED. Plaintiff's request to use a substitute address for service and seal her residential address from the public docket is GRANTED.

Plaintiff is ordered to publicly file a version of the complaint under her true, legal name by April 20, 2026, or this action will be dismissed. The Court will direct the Clerk of Court to unseal all filings in this case upon Plaintiff's filing of her complaint under her true, legal name. The Clerk of Court is respectfully directed to terminate the motions pending at Doc. 5 and Doc. 11 and mail a copy of this order to Plaintiff at her address listed on the docket.

**SO ORDERED.**

Dated:    White Plains, New York
          April 7, 2026

_____
PHILIP M. HALPERN
United States District Judge

---

[2] The Court notes that no filings on the docket include Plaintiff's residential address.

5